**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
www.usdoj.gov/usao/or

Adam Delph
Assistant U.S. Attorney
Adam.delph@usdoj.gov
(541) 776-6353
*Reply to Eugene Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Natalie K. Wight, United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

September 30, 2024

Andrew Coit
800 Willamette St # 700
Eugene, Oregon 97401

   Re: *United States v. Anthony Chavez,* 6:22-cr-00378-MC
      Amended Plea Agreement Letter

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, **Anthony Chavez**, and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to plead guilty to Count One of the Superseding Information, which charges conspiracy to possess with the intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846.

3. **Penalties**: The maximum sentence for Count One of the Superseding Information is 20 years' imprisonment, a fine of $1,000,000, a term of supervised release of at least three years, and a $100 fee assessment. Defendant agrees to pay the fee assessments by the time of entry of guilty plea or explain to the Court why this cannot be done. Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

4. **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

Andrew Coit
Re: Anthony Chavez Amended Plea Agreement Letter
Page 2
September 30, 2024

5. **Elements**:

In order for defendant to be found guilty of Count One of the Superseding Information, the government must prove the following elements beyond a reasonable doubt:

First, there was an agreement between two or more persons to distribute or possess with the intent to distribute controlled substances; and

Second, the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crime to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea. The following facts are true and undisputed:

Between, on or about July 11, 2021 and November 2, 2022, within the District of Oregon and elsewhere, defendant engaged in a conspiracy to distribute controlled substances, which included methamphetamine, fentanyl, and heroin. Co-defendant Jonathan Terrazas-Soto ("Terrazas-Soto") coordinated the conspiracy while being detained at the Oregon State Correctional Institution in Salem, Oregon. All controlled substances were sourced from an individual in Mexico known as "Grandpa". Co-defendant Francis Requena ("Requena") and Alexander Noriega ("Noriega") acted as couriers for drugs and drug sale proceeds at different times throughout this conspiracy. Co-defendant Kellan McClenaghan ("McClenaghan") acted as the primary distributor in the District of Oregon. Defendant ("Chavez") also acted as a distributor, but primarily handled cash drug proceeds that would be handed-off to defendant and/or Noriega.

On or about July 11, 2021, Requena traveled by bus from Mexico to Springfield, Oregon. He was intercepted by law enforcement in Springfield and found to be in possession of approximately **4.3 KG of pure methamphetamine**. Requena possessed the methamphetamine with the intent to distribute to others, as part of the charged conspiracy.

On or about March 10, 2022, McClenaghan packaged approximately **750 grams of fentanyl** and sent it through the U.S. mail from Tempe, Arizona to an address in Springfield, Oregon. McClenaghan possessed and sent the fentanyl with the intent to distribute to others, as part of the charged conspiracy.

Andrew Coit
Re: Anthony Chavez Amended Plea Agreement Letter
Page 3
September 30, 2024

On or about April 2022, Requena was stopped in a vehicle by law enforcement. The vehicle was searched and defendant [Requena] was found to be in possession of approximately $85,000 U.S. currency, which were cash proceeds from drug sales, acquired as part of the charged conspiracy. In November 2022, law enforcement also seized $3,656 from McClenaghan, which were also cash proceeds from drug sales, acquired as part of the charged conspiracy.

On or about January 15, 2023, law enforcement officers intercepted Noriega in Lane County, Oregon. He was found to be in possession of a backpack that contained approximately one **(1) KG of heroin**. Noriega possessed the heroin with the intent to distribute to others, as part of the charged conspiracy.

In violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846.

6. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Sentencing Guidelines**: For sentencing purposes, the parties agree that the following guideline calculations presently apply in this case:

| | |
|---|---|
| BOL, [USSG § 2D1.1(c)(2)] | 36 |
| 18 U.S.C. § 3553(a) factors | -2 |
| Acceptance of Responsibility | -3 |
| TOTAL OFFENSE LEVEL | 31 |

8. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9. **Sentencing Recommendation**: The government will recommend a sentence at the low end of the guidelines or the mandatory minimum, whichever is higher, as long as defendant demonstrates an acceptance of responsibility as explained above.

Andrew Coit
Re: Anthony Chavez Amended Plea Agreement Letter
Page 4
September 30, 2024

10.  **"Safety Valve" Adjustment**: If defendant meets the criteria of 18 U.S.C. § 3553(f) and USSG § 5C1.2 for "safety valve" relief from a mandatory minimum sentence, the parties will recommend a two-level reduction in offense level pursuant to USSG § 2D1.1(b)(18).

11.  **Variance or Adjustment for Certain "Zero-Point" Offenders**: If defendant does not have any criminal history points and otherwise meets all of the criteria for the "Adjustment for Certain Zero-Point Offenders," the parties will recommend a two-level downward adjustment pursuant to USSG § 4C1.1.

12.  **Additional Departures, Adjustments, or Variances**:

    A.  Defendant reserves the right to seek a downward departure, adjustment, or variance from the applicable sentencing guideline range determined by the Court and understands that the government reserves its right to oppose such a request. The basis for the departure, adjustment, or variance shall be limited to USSG § 5K2 or 18 U.S.C. § 3553.

    B.  Defendant agrees that, should defendant seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, defendant will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if defendant fails to comply with this notice requirement, defendant will not oppose a government motion for a postponement of the sentencing hearing.

13.  **Forfeiture Terms**:

    A.  **Assets and Authority**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 21 U.S.C. § 853, including $88,355 U.S. currency, which defendant admits constitute the proceeds of defendant's criminal activity.

    B.  **Agreement to Civil Forfeiture**: Defendant agrees not to file a claim or withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or judicial, which has been or may be initiated. Defendant further waives the right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

Andrew Coit
Re: Anthony Chavez Amended Plea Agreement Letter
Page 5
September 30, 2024

        C.    **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

        D.    **Title Assistance**: Defendant agrees to fully assist the USAO in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States, and assist in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

        E.    **Assets Not Identified**: The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible, are subject to forfeiture.

        F.    **Final Order of Forfeiture**: Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

14.    **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that defendant's conviction under this agreement is vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

Andrew Coit
Re: Anthony Chavez Amended Plea Agreement Letter
Page 6
September 30, 2024

15. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

16. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

17. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

18. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Andrew Coit
Re: Anthony Chavez Amended Plea Agreement Letter
Page 7
September 30, 2024

19. **Deadline**: This plea offer expires if not accepted by **October 1, 2024**.

Sincerely,

NATALIE K. WIGHT
United States Attorney

/s/ Adam E. Delph
ADAM E. DELPH
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

10/1/24
Date

[signature]
Defendant (Anthony Chavez)

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

10/1/24
Date

[signature] 972378
Attorney for Defendant (Andrew Coit)